FILED ☒  ___ LODGED
___ RECEIVED  ___ COPY

MAY 1 2 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**HOBBES C. LAVEY**
9880 N. SCOTTSDALE RD
SCOTTSDALE, AZ 85253
Hobbeslavey@gmail.com
(520) 557-9906

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## FIRST AMENDED COMPLAINT

| | |
|---|---|
| HOBBES C. LAVEY,<br><br>        Plaintiff,<br><br>vs.<br><br>JULIE ANN MATA; RONDA FISK;<br>REBECCA WATSON; AMETHYST<br>PRIVATE INVESTIGATIONS LLC;<br>COUNTY OF MARICOPA; STATE OF<br>ARIZONA and DOES 1 through 6,<br>inclusive,<br><br>        Defendants. | Case No.: 2:25-cv-00950<br><br>STIPULATION TO ENLARGE CASE DATES<br><br>JUDGE: Hon. Michael T. Morrissey<br><br>1. VIOLATION OF DUE PROCESS CLAUSE (U.S. CONST. AMEND. 14);<br>2. VIOLATION OF EQUAL PROTECTION CLAUSE (U.S. CONST. AMEND. 14);<br>3. VIOLATION OF FREEDOM OF SPEECH / RELIGION PRACTICE (U.S. CONST. AMEND. 1);<br>4. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE JUDICIAL OFFICERS (U.S. CONST. AMENDS. 1, 4, 5, 6, 14);<br>5. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / POLICY (U.S. CONST. AMENDS. 1, 4, 5, 6, 14)<br>6. COMMON LAW INTENTIONAL INFLICTION OF EMOTION DISTRESS<br>7. COMMON LAW DEFAMATION |

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    **COMES NOW** plaintiff Hobbes C. LaVey and shows this honorable court the following:

<u>JURISDICTIONAL ALLEGATIONS</u>

    1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    2.    Individual liability for defendant Rebecca Watson and Amethyst Private Investigations LLC is brought under 42 U.S.C. § 1983. See Dwares V. New York. 985 F.2d 94. 98 (2d Cir. 1993). "A private individual may be subject to 1983 liability if they willfully collaborated with an official state actor in the deprivation of a federal right."

    3.    As the incidents complained of in this action occurred in the County of Maricopa, State of Arizona, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

<u>GENERAL ALLEGATIONS</u>

    4.    Plaintiff Hobbes C. LaVey, hereinafter referred to as "LAVEY" or "plaintiff LAVEY", or "plaintiff" or "Plaintiff", is a natural person, who, at all times complained of in this action, resided in the County of Maricopa, State of Arizona.

    5.    Defendant Julie Ann Mata, hereinafter also referred to as

COMPLAINT FOR DAMAGES

"MATA", is, and at all times complained of herein, was, a Judge employed by

Maricopa County, acting as an individual person under the color of state law, in her

individual capacity and was acting in the course of and within the scope of her

employment with defendant COUNTY and STATE.

6.      Defendant Ronda Fisk, hereinafter also referred to as "FISK",

is, and at all times complained of herein, was, a Judge employed by Maricopa

County, acting as an individual person under the color of state law, in her

individual capacity and was acting in the course of and within the scope of her

employment with defendant COUNTY and STATE.

7.      Defendant Rebecca Watson, hereinafter also referred to as

"WATSON", is, and at all time complained of herein, was, a Court Appointed

Advisor employed by Amethyst Private Investigations LLC, at the appointment of

MATA, COUNTY of Maricopa, and STATE of Arizona.

8.      Defendant Amethyst Private Investigations LLC, hereinafter also

referred to as "API", is a private company located in the State of Arizona; within

the territorial jurisdiction of this court.

9.      Defendant County of Maricopa, hereinafter also referred to as

"COUNTY", is a municipal entity located in the State of Arizona; within the

territorial jurisdiction of this court.

10.     Defendant State of Arizona, hereinafter also referred to as

COMPLAINT FOR DAMAGES

3

"STATE", is a constituent political entity located in the United States of America; within the territorial jurisdiction of this court.

11.  Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or clerks and/or assistances and/or investigators and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the STATE, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.  At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or judges and/or clerks and/or investigators, employed by COUNTY and STATE with some other police / law enforcement agency, and were acting in the course of and within the scope of their employment with defendant COUNTY and STATE and/or some other public entity.

13.  Due Process Clause of the Fourteenth Amendment protects fundamental parental rights . Courts have long held that "the natural right existing between parents and their children is of constitutional dimensions." *In re Pensom,*

126 S.W.3d 251, 254 (Tex. App.-San Antonio 2003, no pet.); *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex. 1976).

14.    As the U.S. Supreme Court recognized almost a century ago, "the child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." *Pierce v. Soc'y of Sisters,* 268 U.S. 510, 535 (1925).

15.    Consistent with this recognition, the Court has held that the interest parents possess with regard to their children is a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *·Troxel v. Granville,* 530 U.S. 57, 65 (200'0).

16.    The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. In addition to guaranteeing fair process, Courts have held that this Clause includes a substantive component that forbids the government from infringing upon "certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 301-02 (1993). The Court has long held that among the fundamental rights protected by the Due Process Clause are certain fundamental parental rights. Troxel, 530 U.S. at 65; Pierce, 268

COMPLAINT FOR DAMAGES

U.S. at 534-35; Meyer v. Nebraska, 262 U.S. 390, 399 (1923) ("liberty" includes the right of the individual to "establish a home and bring up children").

17.    Plaintiff is presently unaware of the identities of DOES 1 through 6, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

18.    In addition to the above and foregoing, defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and Arizona constitutional and statutory state law rights, as complained of in this action.

19.    Defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and Arizona (Constitutional and statutory) state law.

20.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights**
**Due Process Clause - Fundamental Parenting Rights**
**(Against Defendants MATA, FISK, WATSON, API and DOES 1 through 6,**
**inclusive)**

21.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, inclusive, above, as if set forth in full herein.

22.    Paternity for common child J.R. was established in May 2023 after mother absconded with child to Georgia without warning on December 21st, 2022. Mother only returned in June 2023, after LAVEY filed suit for custody.

23.    On December 6th, 2023, LAVEY was subjected to a second egregious act of malicious parental alienation from the mother by taking LAVEY's child out of the country without warning or consent.

24.    Mother was arrested on December 11th, 2023 at Los Angeles International Airport, with LAVEY's child in her arms. Mugshot Provided.

25.    LAVEY was intentionally deceived by mothers family claiming She had gone to Bangladesh. After LAVEY learned the truth, he immediately flew to Arizona and filed suit on March 12th, 2024.

26.    Defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, while employed by COUNTY and STATE, happened to be assigned to LaVey v. Rezoana FC2024-050654.

COMPLAINT FOR DAMAGES

27.    As soon as Paternity was established in 2023, LAVEY's Fourteenth amendment rights to minor child J.R. came into effect. See, Arizona's Parental Bill of Rights ARS 1-602.

28.    MATA, FISK, WATSON, API and DOES 1 through 6, inclusive refused LAVEY any contact with his minor child, no reason given as required. See, Code of Conduct for U.S. Judges (Eff. March 12, 2019)

29.    MATA ordered minor child to not leave COUNTY without LAVEY's expressed written consent. Mother continually violated this order without consequence. Including traveling to the Grand Canyon on December 25, 2024.

30.    MATA then granted minor child's travel with mother without any notice to father and without fathers consent on March 17th, 2025.

31.    MATA, FISK and DOES 1 through 6, inclusive, are required to review evidence and make decisions for the best interest of minor child. LAVEY believes this is a malicious refusal to uphold the law and give mother a sexist advantage. LAVEY pointed out the blatant sexism and was retaliated against, by withhold his parental rights.

32.    MATA refused to review evidence of perjury by WATSON stating LAVEY should "get real" referring to MATA not being able to review evidence before the hearing. Then in stunning contrast she reviewed mothers videos before the next hearing on February 13th, 2025. LAVEY pointed out this abusive and biased advantage again and was retaliated against.

33.     LAVEY has cause to believe MATA is biased, prejudice and cannot receive a fair and impartial trial. FISK declined all motions for a new Judge in Violation of ARS 12-409 and eroding public confidence in the judicial system.

34.     As complained of herein above, none of the defendants to this action had a logical or reasonable good faith belief LAVEY was a danger to his daughter, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

35.     Accordingly, the deprivation by defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, by withholding his daughter, constituted an unlawful and unreasonable burden on plaintiff, in violation of his rights under the Fourteenth Amendment to the United States Constitution.

36.     As a direct and proximate result of the actions of defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $4,000,000.00.

37.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of

COMPLAINT FOR DAMAGES

them, save defendant COUNTY, in an amount to be proven at trial in excess of $2,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights
### Equal Protection Clause – Discrimination Based on Gender
### (Against Defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive)

38.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as if set forth in full herein.

39.    When asked why LAVEY was being denied his child, WATSON, MATA, FISK, and DOES 1 through 6, inclusive stated on a recording "It's difficult (to give custody) when the parent is the opposite gender."

40.    LAVEY's gender is the prime motivating factor the deprivation of his parental rights. A clear violation of LAVEY's Fourteenth Amendment Rights. See, Reed v. Reed, 404 U.S. 71 (1971)

41.    As complained of herein above, none of the defendants to this action had a logical or reasonable good faith belief LAVEY was a danger to his daughter, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

42.    Accordingly, the deprivation by defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, by withholding his daughter, constituted an

unlawful and unreasonable burden on plaintiff, in violation of his rights under the

Fourteenth Amendment to the United States Constitution.

43.     As a direct and proximate result of the actions of defendants MATA,

FISK, WATSON, API and DOES 1 through 6, inclusive, as complained of herein,

plaintiff: 1) was substantially physically, mentally and emotionally injured; 2)

incurred medical and psychological costs, bills and expenses and 3) incurred other

special and general damages and expenses in an amount to be proven at trial which

is in excess of $4,000,000.00.

44.     The actions by said defendants were committed maliciously,

oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient

for an award of punitive / exemplary damages against all defendants and each of

them, save defendant COUNTY, in an amount to be proven at trial in excess of

$2,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Rights - Freedom of Speech, Freedom of
Religion and Right to Petition the Government for Redress of Grievance
(Against Defendants MATA, WATSON, API and DOES 1 through 6, inclusive)**

45.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.     Moreover, the conduct of defendant MATA, WATSON, API and

DOES 1 through 6, inclusive, violated LAVEY's rights of freedom of speech and

COMPLAINT FOR DAMAGES

right to petition the government for redress of grievance, specifically when MATA,

WATSON, API and DOES 1 through 6, inclusive retaliated against LAVEY for

making a complaint against them.

47.    Moreover, the conduct of defendant MATA, WATSON, API and

DOES 1 through 6, inclusive, violated LAVEY's rights of freedom of religion,

specifically when MATA, WATSON, API and DOES 1 through 6, inclusive

unlawfully deprived LAVEY of his parenting rights for Religious Training and

Education of his daughter. See, Wisconsin V. Yoder, 406 U.S. 205, 232 (1972).

48.    A substantial or motivating factor in the decisions of the various

defendants to take the adverse actions against plaintiff as complained of in this

action, was LAVEY's exercise of his right to freedom of speech and right to

petition the government for redress of grievances under the First Amendment to the

United States Constitution.

49.    Moreover, said defendants would not have taken said adverse actions

against LAVEY, had LAVEY not exercised his right to freedom of speech under the

First Amendment to the United States Constitution.

50.    The conduct of MATA, FISK, WATSON, API and DOES 1 through 6,

inclusive, would chill a person of ordinary firmness from continuing to engage in

constitutionally protected activity.

51.    As a direct and proximate result of said adverse actions taken against

said plaintiff by said defendants as described above, plaintiff suffered serious

bodily injury, severe mental and emotional distress, medical and psychological

costs and expenses, lost wages / profits, attorney's fees and other special damages;

all in an amount to be proven at trial, in excess of $4,000,000.00.

52.    The actions of defendants and each of them, as complained of herein,

were done maliciously and in reckless disregard of plaintiff's constitutional rights

sufficient for an award of punitive / exemplary damages against said defendants,

save defendant COUNTY and STATE, in an amount to be proven at trial, in excess

of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE / MONELL**
**LIABILITY**
**(Against Defendant COUNTY and STATE)**

53.    Plaintiff hereby realleges and incorporates by reference the

allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in

full herein.

54.    As complained of herein above, the acts of defendants MATA, FISK,

WATSON, API and DOES 1 through 6, deprived plaintiff of his rights under the

laws of the United States and The United States Constitution.

55.    The training policies of COUNTY and STATE were not adequate to

train its judicial officer employees to properly and lawfully handle situations

similar to the one they were presented with when they confronted plaintiff,

including training on: 1) when they are permitted to deprive persons of their

children; 2) training on the proper type and level governmental restriction to use on civilians; 3) training judicial officers that they may not retaliate against persons for exercising constitutionally protected speech; 4) that persons are allowed to make complaints against judicial officers, advisors, and investigators without retaliation; and 5) that they are never permitted to use lies and omissions against persons, or retaliate against them.

56.    In addition, the Fourteenth Amendment gives LAVEY the right to his daughter, and LAVEY's daughter the right to her father[1].

57.    Also, the First and Fourteenth Amendment gives LAVEY the right of religious training and education[2], was specifically violated by MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, when they said "because of the things LAVEY said to her, (he should have supervised visitations)"

_____

[1] In conjunction with the right to make decisions about the care, custody, and control of their children, the Due Process Clause (Amendment 14) guarantees the right of "parents and guardians to direct the upbringing and education of children under their control." Pierce, 268 U.S. at 534-35. In Pierce, the Court overturned a state law requiring parents to send their children to public school, emphasizing that the "fundamental theory of liberty upon which all governments in this Union repose excludes any general *power of the state to standardize its children by forcing them to accept instruction from public teachers only.*" *Id.* at 535; *see also Meyer, 262 U.S. at 403 (overturning a state law that prohibited teaching in any language other than English). Lower courts expanding on this right have explained that Meyer and Pierce "evince the principle that the state cannot prevent parents from choosing a specific educational program," whether it be religious instruction at a private school or instruction in a foreign language. Parker v. Hurley, 514 F.3d 87, 101 (1st Cir. 2008); see also Meyer, 262 U.S. at 403; Pierce, 268 U.S. at 534-35.*

[2] In conjunction with the First Amendment, the Due Process Clause protects the right of parents "to guide the religious future and education of their children." *Wisconsin v. Yoder,* 406 U.S. 205, 232 (1972). *Wisconsin v. Yoder* addressed a challenge to a compulsory education law, which required school attendance until age 16, by Amish parents who objected to formal education beyond the eighth grade. *Id.* at 207-11. Recognizing that the parents' objections were firmly grounded in their religious beliefs, and that compulsory high school education could significantly alter the religious future of their children, the Court held that the First and Fourteenth Amendments "prevent the State from compelling respondents to cause their children to attend formal high school to age 16." *Id* at 234. In doing so, the Court emphasized that the "primary role of the parents in the upbringing of their children is now established beyond debate as an enduring American tradition." *Id.* at 232.

COMPLAINT FOR DAMAGES

58.     Also, LAVEY realized MATA is a convicted criminal in the state of Arizona with various convictions of moral turpitude, a major motivating factor for the retaliation against LAVEY[3].

59.     Accordingly, these illegal, tortious, felonious and simply cruel longstanding custom and practices of COUNTY and STATE were a proximate cause of the actions that deprived LAVEY of his constitutional rights, and affectively retaliating against the plaintiff.

60.     Also, COUNTY and STATE was deliberately indifferent to the obvious consequences of its failure to train its judicial officer employees adequately.

61.     The failure of COUNTY and STATE to provide adequate training was also a proximate cause of the deprivation of plaintiff's rights by defendants MATA, FISK, WATSON, and API and DOES 1 through 6, inclusive.

62.     COUNTY and STATE's failure to train and its customs and practices are so closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

63.     As a direct and proximate result of the actions of defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially mentally and emotionally

---

[3] *See, Included Exhibits.*

COMPLAINT FOR DAMAGES

injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $4,000,000.00.

**FIFTH CAUSE OF ACTION**
**COMMON LAW DEFAMATION, LIBEL & INTENTIONAL INFLICTION**
**OF EMOTIONAL DISTRESS**
**Including Violations of ARS 13-2702 & ARS 20-445**
**(Against MATA, FISK, WATSON, API and DOES 1 through 6, inclusive)**

64.    Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 63 inclusive, above, as if set forth in full herein.

65.    As mentioned above and in addition to the above and foregoing, when LAVEY was unlawfully deprived of his child, he was emotionally and psychologically tortured by MATA, HARDER and DOES 1 through 6, inclusive.

66.    The actions of Defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of LAVEY's rights under the First and Fourteenth Amendment to the United States Constitution to be free and establish a home and bring up children.

67.    WATSON maliciously and knowingly provided false information under oath on a non-existent and non-extraditable misdemeanor warrant in Texas for LAVEY's arrest.

COMPLAINT FOR DAMAGES

68.    LAVEY provided proof of this factual inaccuracy to MATA, FISK, WATSON, API and DOES 1 through 6, inclusive.

69.    WATSON included multiple falsehoods and purposefully omitted findings. Example: Video of mother hitting LAVEY, calling LAVEY a "retard" and a "fucking victim" while LAVEY was calming stating "Stop hitting me, go to bed" was label to the court as "Recording of parents, mom asking for her phone, father telling her to go to bed".

70.    Examples Continued: Video of mother screaming at LAVEY while child in arms, mother causing daughter to scream and cry due to her loud and abusive words and tone. Mother uses strong profanity in excess of 50 times in a 6 min period of time. Yet, WATSON labels video as "parents in disagreement, mother speaking loudly but was not screaming". In contrast WATSON labels another video as "video of interaction with police, Father cussing".

71.    Examples Continued: WATSON explains to court "mother has no criminal record" even after LAVEY provided her mugshot and arrest record.

72.    Defendants conspired against LAVEY to recklessly disregard proof submitted, and deprive LAVEY of any contact to his daughter.

73.    LAVEY publicly and legally objected and /or otherwise, protested these criminal actions of Perjury ARS 20-445. Which provoked MATA, FISK to retaliate, by keeping LAVEY's minor child J.R. at effectively at no contact.

74.    MATA and FISK ensured no contact between LAVEY and his

COMPLAINT FOR DAMAGES

17

daughter by demanding supervised visitation at cost, even though LAVEY has proven indigent.

75.    Then, to add insult to injury MATA and FISK alleged LAVEY is neglecting and abusing his daughter by not maintaining contact with her, even tho MATA, FISK, WATSON, API and DOES 1 through 6 inclusive, are purposefully stopping LAVEY's ability to provide care to his daughter.

76.    As a direct and proximate result of the actions of Defendants MATA, FISK, WATSON, API and DOES 1 through 6, inclusive, LAVEY was: 1) substantially mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $4,000,000.00.

77.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of LAVEY's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY and STATE, in an amount to be proven at trial, in excess of $2,000,000.00.

COMPLAINT FOR DAMAGES

## COMPLAINT SUMMARY
### (In Tandem with the Abuse of Twombly / Iqbal)

78.     Plaintiff LAVEY alleges and brings forth in this complaint certain facts which surpass the current sentiment on pleading standard. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

79.     WATSON lied, defamed, and purposefully manipulated and knowingly omitted facts to deprive LAVEY of his parental rights. See, Dwares V. New York. 985 F.2d 94. 98 (2d Cir. 1993). "A private individual may be subject to 42 USC 1983 liability if they willfully collaborated with an official state actor in the deprivation of a federal right."

80.     MATA and FISK purposefully and maliciously stripped LAVEY of parental rights, without legal cause, reason or justification.

81.     At the heart of Due Process is the notion that judges are required to take into account individuals constitutional rights. Whether Petitioner or Respondent, Plaintiff or Defendant.

82.     Courts have long held that among the fundamental rights protected by the Due Process Clause are certain fundamental parental rights. Troxel, 530 U.S. at 65; Pierce, 268 U.S. at 534-35; Meyer v. Nebraska, 262 U.S. 390, 399 (1923) ("liberty" includes the right of the individual to "establish a home and bring up children").

COMPLAINT FOR DAMAGES

83.    Put simply, WATSON asked and recommended MATA violate LAVEY's first and fourteenth amendment rights, MATA complied and FISK knowingly allowed it to continue.

84.    LAVEY has not be able to have any connection with his child due to WATSON, MATA and FISK's actions.

85.    These specific actions taken against LAVEY move the alleged complaint from merely possible to plausible.

86.    In the case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), plaintiffs alleged a conspiracy based on the circumstantial evidence of companies not doing business in certain states. This is possible, however, unlikely one might be able to prove in a court of law. Therefore, the Supreme Court rightly deemed the case not meeting the legal standard of plausibility. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

87.    Put Simply, William Twombly and Lawrence Marcus alleged that it was possible they suffered damages to an indirect and nebulous series of events and corporate actions. See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

88.    In vast juxtaposition, Plaintiff LaVey has alleged direct actions and facts by WATSON, direct actions by MATA, and direct actions by FISK which were wholly responsible for the deprivation of LaVey's Constitutional Rights and total loss of his minor child J.R.

89.    LAVEY has a right to his minor child J.R. WATSON, MATA, and FISK violated that right, by their actions and documented rulings of preventing LAVEY from being a father.

90.    LAVEY currently has no excess to his minor child J.R. WATSON, MATA, and FISK are actively engaged in violated that right, by their actions and documented rulings.

91.    *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) holds that individual top government officials may not be liable for actions of their subordinates. Plaintiff LAVEY is not suing a top government official, instead Plaintiff LAVEY moves against COUNTY and STATE. See, Monell v. Department of Social Services, 436 U.S. 658 (1978)

92.    Twombly / Iqbal should not be used as a weapon against pro se plaintiffs to test if they have the legal fortitude to bring a case to fruition.

93.    Nor should Twombly / Iqbal be used as cost saving measure or punishment against indigent individuals seeking to exercise their First Amendment right to petition the government for redress of grievances without fees.

94.    Plaintiff LAVEY brings forth a complaint of the most seriousness and importance. Destruction of the nuclear family by COUNTY and STATE actors will not be allowed to continue.

COMPLAINT FOR DAMAGES

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $4,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

f) The immediate return of Plaintiff LaVey's Daughter J.R.

g) A restoration of parental rights in the Ninth District.

h) Public admonishments to defendants MATA and FISK.

i) Perjury charges against defendant WATSON.


HOBBES C. LAVEY

*"A lie gets halfway around the world before the truth has a chance to get its pants on."*

COMPLAINT FOR DAMAGES