1
2
3
4
5
6

**IN THE UNITED STATED DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

Hobbes C. Lavey,

| | |
|---|---|
| Plaintiff, | No. CV 25-00950-PHX-MTM |
| v. | **REPORT AND RECOMMENDATION** |
| Julie Ann Mata, et al., | |
| Defendants. | |

10
11
12
13
14
15

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES

16

DISTRICT JUDGE:

17

Pending before the Court is Plaintiff's First Amended Complaint. (Doc. 10.) This

18

Report and Recommendation is filed pursuant to General Order 21-25.[1] On March 24,

19
20

[1] General Order 21-25 states in relevant part:

21
22
23

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

24
25

> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

26
27

> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

28

> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee
> ….

2025, Plaintiff filed a Complaint and Application for Leave to Proceed In Forma Pauperis. (Docs. 1, 2.) The Complaint named six Defendants, including, two superior court judges, a court-appointed advisor, a private investigations firm, Maricopa County, and the State of Arizona. (Doc. 1.) Plaintiff also named six Doe Defendants that Plaintiff identified as "sworn peace officers and/or judges and/or clerks and/or investigators." (*Id.*) Although Plaintiff claimed violations of his Constitutional rights, much of what he alleged was related to a state court domestic dispute. (*Id.*) Plaintiff requested damages totaling over $4,000,000.00. (*Id.*)

Upon screening, the Court stated that it "is unable to discern what specific claims Plaintiff intends to assert against the named Defendants." (Doc. 9.) The Court found that Plaintiff failed to identify facts or connect any allegations to any Defendant, or indicate how any of the Defendant's actions give rise to civil liability. (*Id.*) The Court dismissed the Complaint, and gave Plaintiff 21 days to file an amended complaint. (*Id.*)

Plaintiff filed his Amended Complaint on May 12, 2025. (Doc. 10.) Plaintiff again names the same six Defendants - two superior court judges, a court-appointed advisor, a private investigations firm, Maricopa County, and the State of Arizona. (*Id.*) In addition, Plaintiff re-names the six Doe Defendants identified as "sworn peace officers and/or judges and/or clerks and/or investigators." (*Id.*) Plaintiff's allegations again relate to a state court domestic dispute. (*Id.*) His claims appear to be connected to his dissatisfaction with state court proceedings and ruling related to his parental rights. (*Id.*) Plaintiff seeks over $4,000,000.00 in damages, as well as, the immediate return of his daughter and restoration of his parental rights. (*Id.*)

As this Court has previously advised, with respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

(A)    the allegation of poverty is untrue; or

(B)    the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").

Rule 8 also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts to support a cognizable legal claim, or contains allegations disclosing some absolute defense or bar to

- 3 -

recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

Once again, Plaintiff's Amended Complaint contains only brief, conclusory allegations of fact, and fails to allege sufficient facts to support any legitimate claim against Defendants.

Further, under the *Rooker–Feldman* doctrine, the federal district courts lack jurisdiction to review alleged errors in state-court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). This means that a federal court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This jurisdictional bar extends to actions that are *de facto* appeals from state court judgments where the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). The *Rooker-Feldman* doctrine bars such claims "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 n.4 (9th Cir. 2003). Plaintiff's apparent challenge to the termination of his parental rights is barred by the *Rooker-Feldman* doctrine, if there has been a final adjudication in the state court terminating his parental rights.

Similarly, it is well settled that federal courts should abstain from adjudicating domestic relations cases currently pending in the state courts. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, involves a domestic relations or child custody dispute. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987); *see H.C. v. Koppel*, 203 F.3d

610, 613 (9th Cir. 2000) (explaining that a civil rights action alleging that a state court violated plaintiff's due process rights in a custody proceeding "is precisely the type of case suited to *Younger* abstention [*Younger v. Harris*, 401 U.S. 37 (1971)]"). However, abstention generally only applies to actions for injunctive and declaratory relief. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718-19 (1996). Abstention, therefore, applies to preclude this Court from granting the injunctive relief requested by the Plaintiff, if state court proceedings are pending regarding the apparent termination of his parental rights.

Lastly, Plaintiff appears to sue Defendants in their official capacities, which is no different from a suit against the State itself. If against the State, all claims must be dismissed because it is immune from suit under the Eleventh Amendment and because it is not a "person" subject to liability under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution immunizes states from being sued in federal court by their own citizens or by citizens of another state, absent consent to be sued, and Congress did not abrogate Eleventh Amendment immunity when enacting 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiff's claims, whether injunctive or for monetary damages, against Defendants for acting in their official capacity is in fact a suit against the State and barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

For these reasons, the Court will recommend that Plaintiff's Amended Complaint be dismissed. Furthermore, the Court finds the deficiencies in the Amended Complaint cannot be cured by amendment and will recommend that Plaintiff's Amended Complaint be dismissed without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v.*

*Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Amended Complaint (Doc. 10) and this matter be dismissed without leave to amend.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of August, 2025.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge